## State Board of Health et al. v. Willman.

(Decided January 15, 1932.)

836

J. W. CAMMACK, Attorney General, SAMUEL B. KIRBY, JR., Assistant Attorney General, and WM. M. DUFFY for appellants.

W. G. DEARING for appellee.

Opinion of the Court by Judge Rees—Affirming.

This action was brought to test the validity of chapter 167 of the Acts of the General Assembly of 1930. The sole question presented for determination is whether or not the act violates section 51 of the Constitution, which reads in part: "No law enacted by the General Assembly shall relate to more than one subject and that shall be expressed in the title." The lower court adjudged that the subject-matter in sections 3 and 4 of the act is not covered by the title of the act, and that those sections are invalid.

The title of the act reads:

"An Act defining Plumbing, Master Plumber and Journeyman Plumber in counties containing cities of the first and second class of the Commonwealth of Kentucky, providing for examinations and issuing certificates to qualified Registered Master Plumbers and Registered Journeyman Plumbers and placing same under the jurisdiction of the State Board of Health of Kentucky, prescribing its powers and duties in relation to this Act and providing penalties for violation of the provisions of this Act."

The act is divided into thirteen sections. Section 1 defines plumbing, master plumber, and journeyman plumber. Section 2 places the enforcement of its provisions in the state board of health, and grants to that body the right to issue and revoke certificates and to conduct examinations. Section 3 reads: ''The State Board of Health of Kentucky for the purpose of carrying out the provisions of this Act, shall establish, adopt, promulgate and put into effect a code regulating the installation of plumbing, house drainage and sewerage and sewage disposal, using as a minimum the basic principles adopted by the sub-committee on plumbing of the Building Code Committee of the United States, Department of Commerce, as shown in the final report of said Committee under date of July 3rd, 1923, with such additions as local, climatic and other conditions may require, and also to fix reasonable fees for the purpose of carrying into effect the provisions of this Act.'' Section 4 reads: ''*Materials—Kind That May Be Used.*—The use of all unsafe and defective material in the work of plumbing and drainage is prohibited. Only the best known methods of installing of materials and fixtures, including supply pipes, waste, ventilation, soil pipe and sewerage shall be employed. It shall be unlawful to use in the work aforesaid extra light lead pipe, bends and traps, and all combination lead and iron or combination lead and brass ferrules, bends or traps; but there shall be employed only the best known methods of joining lead or iron pipes by the use of heavy cast brass ferrules properly wiped with solder to lead.'' The remaining sections of the act are germane to the title.

Construing section 51 of the Constitution in Thompson v. Commonwealth, 159 Ky. 8, 166 S. W. 623, 624, the court said:

''The purpose of the constitutional provision was to enable persons reading the title of an act to get a general idea of what the act treated of or contained, and it has come to be a recognized legislative practice for members and others interested in legislation to read the title of acts and gather therefrom, in a general way at least, the subject-matter of the act, and under the authority of this constitutional provision members of the Legislature, as well as the public interested in legislation, have the right to rely on the title as indicating the subject-matter of

the act and to assume that the act contains no legislation that is not embraced in a general way by the subject expressed in the title. But if it were allowable to insert sections in an act entirely foreign to the scope of the legislation as expressed in the title, the purpose of the Constitution would be entirely defeated, and much legislation would be enacted that the members would not have approved had they known that it was contained in the act.''

The title of the act may be broader than necessary and not be objectionable if it relates to only one subject, but it must be fairly expressive of the context of the act. Where the title is restrictive, matters not a part of or properly connected therewith, as it is fairly and reasonably understood, cannot be incorporated in the act without violating section 51 of the Constitution. Wood v. Commonwealth, 225 Ky. 294, 8 S. W. (2d) 428. The word "same" in the title clearly refers to the immediately preceding clause, "providing for examinations and issuing certificates to qualified Registered Master Plumbers and Registered Journeyman Plumbers." Thus the act, as gathered from the title, only defines plumbing, master plumber, and journeyman plumber in counties containing cities of the first and second class, and provides for examinations and issuing certificates to qualified registered master plumbers and registered journeyman plumbers.

Section 3 of the act confers upon the state board of health the power to adopt a Plumbing Code for first and second-class cities and section 4 prohibits the use of unsafe and defective material in the work of plumbing and drainage. There is nothing in the title of the act from which the reader thereof could infer that the act contained the subject-matter of sections 3 or 4. The subject-matter of these sections is wholly foreign to the title, and it follows that the lower court properly adjudged that sections 3 and 4 of the act are void.

These sections can be eliminated from the act without interfering with or affecting in any manner the subject-matter of the other sections. It is the rule that when a subject foreign to the title is introduced into the body of an act, if it is so separate and distinct from the remainder of the subject-matter of the legislation that it may be omitted without affecting the otherwise valid portion, then the unconstitutional part will be omitted

and the remainder allowed to stand. Wiemer v. Commissioners of Sinking Fund of Louisville, 124 Ky. 377, 99 S. W. 242, 30 Ky. Law Rep. 523.

The judgment is affirmed.

The whole court sitting.