## Commonwealth Life Insurance Company v. City of Paducah.

(Decided June 24, 1932.)

J. D. MOCQUOT, and BATSON, CARY & WELCH, for appellant.

W. V. EATON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Affirming.

In 1926, the Legislature passed an act which became chapter 99 of the Acts of that year, and now section 4237a-1 of the 1930 Edition of the Statutes. We quote

that part of the statute which is pertinent to this controversy:

> "An Act relating to the taxation of domestic life insurance companies, fixing the annual State rate on the shares of stock thereof, prescribing how the value of said shares of stock shall be determined, and to whom the taxes shall be paid, and limiting the local rate of taxation thereon for county, city, town and other taxing districts; providing for the taxation of real estate owned by such companies, and for a referendum if desired; repealing and re-enacting, section 4237a (1) and (2) of Kentucky Statutes, Carroll's edition 1922, and repealing all laws or parts of laws in conflict herewith.

*"Be it enacted by the General Assembly of the Commonwealth of Kentucky . . .*

> "(a) For the purposes of taxation, the net cash value, or reserve, on all outstanding policies of all life insurance companies chartered by and doing business in the State of Kentucky, shall be deemed to be, and held as, the property of the respective policy-holders, and shall not be listed for taxation by such domestic life insurance companies; but domestic life insurance companies shall pay annually for state purposes to the sheriff of the county in which the company is located, the shares of stock of said companies, tax at the annual rate of 50c on each one hundred dollars of the fair cash value of the said shares of stock of said companies, the value thereof to be fixed and determined in the same manner as the value of shares of stocks of national banks, state bank and trust companies is now fixed for purposes of taxation; *and such tax shall be for state purposes only and in lieu of all other taxes by the state or any county, city, town or other taxing district;* except that it shall be the duty of such companies to list with the county tax commissioner of each county, and with the assessing officer in each city, town and taxing district, its real estate located therein and pay taxes thereon to the sheriff and to the collecting officer of each city, town and taxing district, and such officer shall make out and return the assessment thereof to the proper authorities of the county, city, town or taxing district, at the same times, and in the same manner as prescribed by law

for the return on the assessment of other property therein; and except further that the county, city, town and taxing district in which said domestic life insurance companies are located, may impose a tax upon the shares of stock of the said companies valued as herein provided at the same rate as national banks, state banks and trust companies are now taxed by virtue of and under chapter 117, Acts of 1924, approved March 14, 1924.'' (Italics ours.)

Prior to the passage of this act, the city of Paducah and many other municipalities in the state were levying an annual occupational license tax upon domestic insurance companies for the privilege of doing business within their confines. The Paducah tax was $50 a year. After the passage of the 1926 act, conceiving that so much of that act as we have italicized above exempted domestic insurance companies from having to pay the occupational license tax theretofore collected from them, the city of Paducah made no effort to collect such tax until after the decision of this court in the case of City of Louisville v. Cromwell, 233 Ky. 828, 27 S. W. (2d) 377. After this decision had been rendered, believing that under its reasoning domestic insurance companies were not exempted by the terms of the 1926 act from paying the occupational tax in question, the city of Paducah instituted this action against the appellant, a domestic life insurance company, to recover the unpaid license tax, interest, and penalties for the years 1927 to 1931, inclusive; the whole amounting to $310. The appellant resisted the collection of the tax on the theory that the 1926 act exempted it from having to pay such tax. The lower court disallowed this plea of appellant, and entered judgment for the city of Paducah in the amount asked for in the petition. From the judgment so entered, this appeal is prayed.

We do not deem it necessary to discuss our opinion in the case of City of Louisville v. Cromwell, supra. The instant case presents only a question of what interpretation shall be put upon the italicized words of the 1926 act. But for the title to that act, it would seem plain that the exempting clause embodied in the italicized portions of the act quoted supports the claim of the appellant that the tax on the capital stock was meant to be in lieu of every character or description of tax, including occupational license taxes. However, when the body of the act is read in connection with the title, the contention of appel-

lant must fail. The title clearly states that the act is one relating to the taxation of domestic life insurance companies, fixing an annual state rate on the shares of the stock thereof, prescribing how the value of such shares is to be determined, and limiting the local rate of taxation of such shares, and providing for taxation of the real estate of such company. This is a restrictive title. It has reference only to the fixing of the rate of taxation on the capital stock of the company and the limiting of the local rate of taxation on such stock in addition to the providing for the taxation of the real estate owned by such company. Should the exempting clause in the body of the act be interpreted as widely as appellant insists it should be, it would be without the title of the act, for there is nothing in that title to indicate that, beyond the taxing of real estate and the fixing of the rate and method of taxation of the capital stock, anything else is to be found in the body of the act, or that exemption from other forms of taxation not applicable to the capital stock or real estate is to be found in the body of the act. It is the duty of the courts, where there is any doubt, to construe an act so as to make it constitutional, if possible. Further, exemptions from taxation are to be strictly construed. With these principles in mind, in view of the title to the act, we are of opinion that the exempting clause has reference only to the exemption of the shares of stock of domestic insurance companies from other forms of taxation than that set out in the act, and does not exempt such companies from an occupational license tax.

The appeal prayed for is granted, but the judgment of the lower court being in accord with these views, it is affirmed.

Whole court sitting.