## Gibbs v. Peoples Nat. Bank.

May 16, 1939.

ALBERT KARNES for appellant.

BOYD & BOYD for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The sole question on this appeal is whether an administrator de bonis non can maintain an action to recover from third parties money wrongfully paid out by his predecessor.

Richard G. Sommers, a World War veteran, died February 19, 1934. Five days before his death he executed a will in which he named A. L. Scott executor without bond. The only property owned by him at the time of his death, exclusive of a claim against the United States government under his war risk insurance policy and a balance due on his bonus certificate, was a small amount of household furniture and a house and lot in Paducah, Kentucky, on which were two mortgages aggregating more than $2,500. He devised the house and lot to his infant daughter who resided with her mother in Liverpool, England, on condition that she and her mother come to the United States and live in the house, otherwise the property was to be sold and the proceeds sent to his daughter. Following this devise was this clause: "In this case the furniture in my home is to be given to Mrs. Lorena Guier who has been so

kind to me during my last illness, also $500.00 in cash."
The will then provided that, in the event his war risk
insurance was collected, $500 should go to W. H. Johnson for a monument at the testator's grave, $500 to Rev.
Curtis Fletcher for church work, and the remainder to
A. L. Scott who was named executor.

A. L. Scott qualified as executor of the will of Richard G. Sommers without bond, and received as such the
sum of $3,924.84. Of this amount $5.92 was cash in the
possession of the testator at the time of his death,
$318.92, balance due on testator's bonus certificate, was
received May 31, 1934, and $3,600, war risk insurance,
was received December 21, 1934. On January 25, 1935,
Mrs. Lorena Guier, claiming to be a beneficiary under
the will and a creditor, brought an action in the Mc-
Cracken circuit court to settle the estate of Richard G.
Sommers, deceased. Numerous pleadings were filed and
many steps were taken which need not be noticed. In
the course of the proceedings it developed that the
money collected by the executor was deposited by him
in the Peoples National Bank, and all of it was paid out
within a short time after its receipt; most of it to creditors of A. L. Scott. Without making any settlement in
the county court, A. L. Scott left the state of Kentucky,
and on June 26, 1937, an order was entered in the Mc-
Cracken county court removing him as executor, and
Florence Gibbs was appointed and qualified as administratrix de bonis non with the will annexed of Richard
G. Sommers, deceased. On the same day she filed in
the McCracken circuit court in the case of Lorena Guier
v. A. L. Scott, Ex'r, et al., a pleading styled "answer
and intervening petition" in which she asked to be made
a party and that A. L. Scott, both personally and as executor, be required to pay over to her all the funds
which had come into his hands as executor. She also
asked for a construction of the will of Richard G. Sommers, deceased. Thereupon it was adjudged that Florence Gibbs, administratrix de bonis non with the will
annexed of Richard G. Sommers, deceased, recover of
A. L. Scott the sum of $3,188.87, with interest from
January 31, 1935. On September 15, 1937, the administratrix de bonis non brought an action in the McCracken
circuit court against the Peoples National Bank to recover the sum of $3,188.87, which she alleged had been
deposited in the bank by A. L. Scott in his fiduciary capacity, and that the bank, knowing the trust nature of
the deposit, permitted Scott to draw checks as executor

to various persons in payment of his individual indebtedness, and, knowing that he was thus appropriating money of the estate to his own use, honored and paid the checks and thus permitted him to withdraw all the funds which he held as executor. The bank answered, and then moved that the action be transferred to the equity docket and consolidated with the settlement suit. This motion was sustained, and thereafter Florence Gibbs, administratrix de bonis non, filed an intervening petition and cross-petition, in which she made parties to the action twenty-two persons and corporations to whom A. L. Scott, executor, had paid various sums, ranging in amount from $5 to $421.25, which she sought to recover on the ground that each payment was for a personal debt of A. L. Scott and made out of the trust funds with the knowledge of the defendant. Each of these defendants filed a special demurrer, and the Peoples National Bank withdrew its answer without objection and also filed a special demurrer. The court sustained the demurrer in each case involving $200 or more, and, the administratrix de bonis non having declined to plead further, her petition against the Peoples National Bank and her amended intervening petition and cross-petition against certain other defendants were dismissed. She has appealed from so much of the judgment as dismissed her petition against the Peoples National Bank.

Appellant concedes that an administrator de bonis non was without authority to maintain an action such as this prior to the enactment of Chapter 86 of the Acts of the General Assembly of 1934, now Section 3846-1 of the Kentucky Statutes, but she insists that this Act was intended to supersede entirely the old common-law rule and to provide a simple and orderly method of collecting wasted assets of an estate. In Yancy's Adm'r v. Yancy, 183 Ky. 512, 209 S. W. 858, 859, 3 A. L. R. 1249, it was said:

"The common-law rule prevails in this state, and under that rule an administrator de bonis non can recover from his predecessor or his personal representative only such estate of the decedent as remained in specie, and cannot recover the proceeds of such as had been converted into money, unless such proceeds were kept separate and were susceptible of identification. For assets wasted by the first administrator, the right of action is not in the administrator de bonis non, but in the distributees,

heirs, or creditors." See, also, Warfield v. Brand's Adm'r, 13 Bush 77; Douglas' Adm'r v. Douglas' Ex'r, 243 Ky. 321, 48 S. W. (2d) 11; Proctor v. Pigman's Adm'r, 246 Ky. 745, 56 S. W. (2d) 342.

The title to Chapter 86 of the Acts of 1934 reads: "An Act to authorize an administrator de bonis non or the successor of an executor, administrator or personal representative, to maintain an action against his predecessor and the sureties on his predecessor's bond and the predecessor's personal and real representative."

The body of the Act reads:

"That an administrator de bonis non or any successor appointed in the place of an executor or administrator or personal representative, who has resigned, been removed or whose letters have been revoked, or who has ceased to act or has died, may maintain an action against the former executor, administrator or personal representative and the sureties on the administration bond and against the predecessor's real and personal representatives and for all damages or debts arising from the maladministration or omission of the predecessor."

It will be noted that the Act follows the title almost literally until near the end where this is added: "and for all damages or debts arising from the maladministration or omission of the predecessor." It is this clause that appellant claims gives her the right to maintain an action against anyone who has received property belonging to the estate. If it had been the intention of the Legislature to give to an administrator de bonis non unrestricted authority to recover wasted assets of an estate, it could easily have done so, but it saw fit in the title of the Act to restrict such an administrator to actions against his predecessor and the sureties on the predecessor's bond and the predecessor's personal and real representatives. This restricted nature of the authority conferred appears in the body of the Act, and, when the body of the Act is read in connection with the title. it is obvious that the Legislature, by the concluding words of the Act, intended to give to the administrator de bonis non unlimited authority to sue the persons named in the title and to recover from them all damages arising from the maladministration or omission of the predecessor in addition to any funds wrongfully paid out or not accounted for. Commonwealth Life In-

surance Company v. City of Paducah, 244 Ky. 756, 52 S. W. (2d) 704. Any other construction of the Act would put appellant on the other horn of a dilemma. If the words of the Act upon which appellant relies as giving her authority to maintain this action were so intended by the Legislature, then that part of the Act clearly contravenes Section 51 of our Constitution and is void, since it is not embraced in the title. No one reading the title would ever suspect that the Act authorized an administrator de bonis non to maintain an action against anyone other than his predecessor and surety and his predecessor's representatives. Wood v. Commonwealth, 225 Ky. 294, 8 S. W. (2d) 428; State Board of Health v. Willman, 241 Ky. 835, 45 S. W. (2d) 458. The following from the opinion in Wiemer v. Commissioners Sinking Fund of Louisville, 124 Ky. 377, 99 S. W. 242, 244 is pertinent:

> "A title to an act is not, in order to meet the requirements of the Constitution, bound to contain all of the details of the body of the act. If so, the title would necessarily be as extensive as the body. All that is required is that the body of the act should be so related to the title as to be easily and naturally embraced within its terms, or, as it is sometimes said, they must be germane to each other. The relation should be so natural and obvious that the ordinary mind will readily perceive it."

Here the Legislature in the title of the Act expressly named the parties against whom an administrator de bonis non can maintain an action. This excludes the expectation of finding in the body of the Act authority to maintain actions against other persons. Under either view of the case, the chancellor properly sustained the special demurrer.

Judgment affirmed.