## Kenton County et al. v. City of Covington.

Sept. 23, 1941.

512

John H. Klette and William Wehrman for appellants.

Stanley Chrisman for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

The city of Covington brought this action in the Kenton Circuit Court against Kenton County and the members of the fiscal court, seeking to recover of the county rents for the use of the city public building. It alleged for its cause of action that the defendants as tenants of the plaintiff have the occupation and use of seventy-five per cent of the office space and offices of the city building of the city of Covington belonging to the plaintiff and had had the use thereof from June to October inclusive for the year 1938 and that the use and occupation of the building was worth the sum of $1,041.67 per month, making a total sum due the plaintiff in the amount of $5,208.35, and prayed judgment for that amount.

The county filed general and special demurrers to the petition and without waiving the demurrers filed its answer by which, among other things, it denied that it was liable to the city or owed the city rents for the use of said building in any sum or amount. By paragraph two of the answer the county further pleaded as a defense that by Acts of the General Assembly of Kentucky of 1850, 1851, 1858, 1860 and 1886, the city of Covington was required to provide and maintain offices for county officials in the city of Covington, and that pursuant to these Acts the city has at all times up until the present time provided, maintained, furnished and partially equipped offices for said county and state officials, namely, circuit judges, circuit court clerk, county judge, county clerk, county jailer, sheriff, county tax commissioner, and other county officers without expense to the county of Kenton and has furnished and partially equipped the offices of the said county officials with the necessary furniture and paraphernalia for conducting said offices.

The county further pleaded that in addition to the above Acts of the General Assembly relied on and pleaded above, the city of Covington and the officers of the county of Kenton entered into an agreement whereby the city of Covington agreed to furnish and equip the

offices in question with the necessary furnishings and paraphernalia for the conducting of said offices in consideration of the officers establishing offices in the city of Covington for the convenience of the city, and that said agreement had been confirmed and ratified on numerous occasions and has been construed repeatedly by the Court of Appeals to the effect that the city of Covington and its officers are required to furnish and equip said offices free of expense to the county of Kenton, and that the officers of the county are now occupying and using the city building in pursuance to said legislation and agreement of the city and that by and in accordance with the said legislation and agreements the city is compelled to furnish office space and equipment for the county officials free of rent and without cost to the county.

The county further pleaded that Chapter 77 of the Acts of 1938, now Section 938f-1, 938f-2, 938f-3 of the Kentucky Statutes, are unconstitutional and in conflict with Sections 51 and 60 of the Constitution of Kentucky.

The county filed its amended answer alleging that the city is relying solely upon Section 938f-3 of the Kentucky Statutes, same being an amendment passed by the 1938 Act of the legislature to compel the county to pay rent for the use and occupancy of the city building, and reiterated its allegation that the said 1938 Act was unconstitutional as being in violation of various sections of the Constitution and particularly Section 51 thereof pertaining to titles of legislative Acts.

By subsequent pleadings and agreed orders the issues were made and upon trial of the case the court overruled the county's demurrer to the petition and sustained the demurrer of the city to the county's answer and answer as amended and entered judgment in favor of the city for the sum sued for. This appeal results.

In the City of Covington v. Kenton County, etc., 82 S. W. 392, 395, 26 Ky. Law Rep. 677, there was involved the same question as is here involved in respect of the county's liability to the city for rents for the use of the city building. The opinion in that case, which was decided in 1904, reviews and discusses all the legislative Acts involved in the present case up to that time which, of course, was before the passage of the 1938 Act upon which the city bases its present case. The history and facts of that case and a review of the statute involved therein are elaborately set out and discussed in that opinion and reference to it is sufficient without entering

into a detailed discussion thereof. It is to be noted that the court specifically held in that case that the fiscal court of Kenton county was without authority to pay rent for the buildings used for public purposes at Covington, or to levy any tax for that purpose. In the closing part of the opinion the court said:

"To obtain these facilities, the city agreed to furnish and did furnish, the necessary courtroom, jail, and public offices for the transaction of the public business. By the present statute the benefits which the city thus received and the burdens which it thus assumed as to these buildings, are left as they were before. If, in the future, hardship or inequality of burdens results calling for legislative action, it is within the legislative discretion to give a remedy by repealing the local acts placing the burden on the city and enlarging the powers of the fiscal court in the premises; but this, so far, it has not done."

It is thus seen that the only question necessary to determine in the present case is whether or not Chapter 77 of the 1938 Act of the legislature, particularly Section 3 thereof, gives to the city a remedy or authority to maintain this action and entitle it to the relief sought, as indicated in the closing part of the opinion above referred to, and a determination of that question depends upon the constitutionality of the 1938 Act.

As we have previously stated, the county vigorously assails the constitutionality of the 1938 Act under various sections of the Constitution, particularly Section 51, in reference to title of legislative acts. The title to the 1938 Act as enacted by Chapter 77, and which is the determinative point in this case, reads:

"An Act to amend and re-enact an act entitled, 'An Act to provide for the care, custody and maintenance of court houses and the courtrooms and offices therein and the public grounds adjacent thereto in counties containing cities of the second class,' passed and approved March 23, 1908."

Section 3 of the Act, enacted pursuant to the title above quoted, reads:

"That in counties having a population of less than 150,000 and containing a city of the second class, where the terms of the Circuit Courts, are held in the city of the second class as required by law and the

county does not own, operate or maintain a court house in the city of the second class, the Fiscal Court of any such county is hereby empowered and directed to provide quarters for the Circuit Courts, County Court, Quarterly Court, Circuit Court Clerk, County Court Clerk, Sheriffs, County Auditor, County Attorney, County Tax Commissioner and Master Commissioner in the city of the second class, as well as at the county seat. In order to carry into effect, the provisions of this Section, the Fiscal Court is hereby empowered to acquire land for the purpose of constructing; and to construct a court house and to issue its bonds according to law for the payment therefor. The Fiscal Court is further empowered, if it so desires, to rent or lease premises suitable for the above purposes, from any city of the second class, that has suitable quarters to furnish adequate housing for the above officers. The terms of said rental or lease shall be as mutually agreed upon between the Fiscal Court of any such county and the governing body of any such city.''

It is thus seen that the title to the Act merely refers to custody and maintenance of court houses and public grounds adjacent thereto but does not intimate that the fiscal court or any other body or person is empowered to acquire land for the construction of court houses, or to construct a court house or rent or lease such property or premises, or levy a tax or otherwise encumber the taxpayers of the county in payment therefor. It requires no argument to show that the mere custody and maintenance of property falls far short of power and authority to acquire property by purchase, lease or otherwise and levy a tax upon the taxpayers for the cost of such purchase, construction, or for rents. Section 51 of the Constitution provides that no law enacted by the General Assembly shall relate to more than one subject and *that shall be expressed in the title.* We do not think that the title to the Act in question is sufficient to warn or inform a reader thereof that the Act purported to go further than to merely deal with custody and maintenance of property already acquired and in existence, rather than invest some official body or person with power and authority to acquire such property and provide a method of payment therefor as provided in Section 3 of the Act.

In State Board of Health et al. v. Willman, 241 Ky. 835, 45 S. W. (2d) 458, the title to the Act involved reads:

"An Act defining Plumbing, Master Plumber and Journeyman Plumber in counties containing cities of the first and second class of the Commonwealth of Kentucky, providing for examinations and issuing certificates to qualified Registered Master Plumbers and Registered Journeyman Plumbers and placing same under the jurisdiction of the State Board of Health of Kentucky, prescribing its powers and duties in relation to this Act and providing penalties for violation of the provisions of this Act."

After quoting the title to the Act, the court said: "Section 3 of the act confers upon the state board of health the power to adopt a Plumbing Code for first and second class cities and Section 4 prohibits the use of unsafe and defective material in the work of plumbing and drainage. There is nothing in the title of the act from which the reader thereof could infer that the act contained the subject-matter of Sections 3 or 4. The subject-matter of these sections is wholly foreign to the title, and it follows that the lower court properly adjudged that Sections 3 and 4 of the act are void."

While Section 3 quoted in the case supra, deals with the subject matter of "plumbing," yet the authority in that section attempted to be conferred was held to be foreign to the matters indicated in the title thereof. The same is true as to Section 3 of the Act involved in the case at bar. It deals with "court houses" but since the power conferred therein, namely, the authority to acquire land and construct court houses or lease or rent court houses, is a much broader power and indeed of more importance to the taxpayers than is the relatively minor authority conferred upon a mere custodian of such property set out in the title to the Act.

The appellee, city, to sustain its position and the Act in question, cites and relies upon the case of Huyser v. Commonwealth, 76 S. W. 174, 25 Ky. Law Rep. 608; Dowdy v. City of Covington et al., 237 Ky. 274, 35 S. W. (2d) 304, and numerous other cases of like and similar import. An examination of those cases readily reveals that there was no such variance between the title and body of the Acts involved as are presented in the present case, and in State Board of Health v. Willman, supra. See, also, Wood et al. v. Commonwealth, 225 Ky. 294, 8 S. W. (2d) 428.

We are constrained to the conclusion, therefore, that the title to the 1938 Act is insufficient to support Section 3 thereto relied upon by appellee, city, and hence said Act is unconstitutional and void as being in violation of Section 51 of the Constitution.

Counsel for appellee, city, stresses the fact that the Acts of 1850, 1851, and perhaps other sections of the old statute were repealed by Chapters 78, 79 and 80 respectively, by the 1938 Acts of the legislature. Even so, a mere repeal of those statutes still left Kenton county without authority to pay rent for the buildings used for public purposes at Covington or to levy any tax for that purpose, as was held in City of Covington v. Kenton County, supra.

For reasons stated the judgment is reversed and remanded with directions to sustain the demurrer to the city's petition and for proceedings consistent with this opinion.

Whole court sitting.