## Proctor v. Pigman's Adm'r.

(Decided Jan. 13, 1933.)

W. B. WHITE and W. E. PROCTOR for appellant.
W. C. HAMILTON for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Reversing.

Marian A. Pigman, a United States soldier in the World War, held a policy of insurance on his life for $10,000. His father, Wesley Pigman, was the beneficiary in the policy. Marian A. Pigman died April 20, 1920; payments were made on the policy to his father until he died on May 1, 1925; the balance due on the policy then was $7,677. The father left a will disposing of his estate. John Pigman, his son, qualified as his father's executor. He was the sole heir at law of his father and of his brother Marian A. Pigman. The board declined to pay the $7,677 to him as executor of his father, holding that it went to Marian A. Pigman's representatives. He then qualified as administrator of his brother; the board refused to pay him the money, holding his bond insufficient. He then gave bond with the Detroit Fidelity & Surety Company as his surety. W. E. Proctor was his attorney in these matters. John Pigman had been married twice. His first wife had an unsatisfied judgment for alimony against him and a like claim by the second wife was anticipated. So it was agreed between him and Proctor, who also represented the surety company and it was so specified in the application to the company, that the money should be paid to Proctor and John Pigman jointly and only paid out by them jointly. In January, 1926, Proctor received a check payable to them jointly for $7,677, and the amount was deposited by them to their joint credit with the Salt Lick Deposit Bank. On April 16, 1926, John Pigman, as administrator, having filed his settlement and moved for an order of distribution, he was ordered by the county court to pay over to himself as sole heir $3,250, out of the funds in his hands and to pay W. E. Proctor, his attorney, $1,151.05 (as recited in the order), "the court having heard proof on the services rendered by the attorney and being advised." Thereupon John Pigman and Proctor both signed checks as above indicated which were paid by the bank. On January 2, 1927, John Pigman filed in the county court his

final settlement as administrator, one of the credits given being, "To paid W. E. Proctor attorney fee for &c. $1151.05." On February 7, 1927, the settlement was confirmed.

In September, 1927, D. B. Smedley was, by an order of the county court, appointed administrator de bonis non of the estate of Marian A. Pigman, and on December 5, 1927, brought this action in equity against W. E. Proctor and John Pigman, alleging in substance that by mistake, misrepresentation, and fraud Proctor had received $1,151.05, when the services he rendered were reasonably of value only $100, and praying judgment surcharging the settlement and for judgment against Proctor for $1,051.05, with interest and costs. John Pigman filed answer in substance admitting the allegations of the petition. Proctor filed a demurrer to the petition on the ground that the plaintiff had no capacity to sue, also a general demurrer. Both were overruled. He then filed answer denying the allegations of the petition and pleading the above facts. The issues were made up, proof was taken, and on final hearing the court entered judgment against Proctor for $651, with interest and costs. He appeals.

The first question presented is: Can the administrator de bonis non maintain the action?

The well-settled rule on the subject is thus stated by the court in Yancy's Adm'r v. Yancy, 183 Ky. 512, 515, 209 S. W. 858, 859, 3 A. L. R. 1249, citing many authorities:

"The common-law rule prevails in this state, and under that rule an administrator de bonis non can recover from his predecessor or his personal representative only such estate of the decedent as remained in specie, and cannot recover the proceeds of such as had been converted into money, unless such proceeds were kept separate and were susceptible of identification. For assets wasted by the first administrator, the right of action is not in the administrator de bonis non, but in the distributees, heirs, or creditors." To same effect, see 24 C. J. p. 1150, sec. 2744 and cases cited.

It is insisted that the above rule does not apply here, because the check was made payable to John Pig-

man and W. E. Proctor jointly, and the money was deposited in the bank to their joint credit. But W. E. Proctor was John Pigman's attorney and the money could not be paid out of the bank except on checks signed by both of them. The $1,151.05 was paid to Proctor on a check signed by John Pigman, and Proctor executed a receipt to him as administrator for the money. This was done after the court had ordered the money paid to Proctor, they both being present before the county judge when this order was obtained. In his final settlement John Pigman was charged with the full amount received on the check, $7,677, and was credited, among other things, by the amount he had paid Proctor. This settlement having been confirmed and not being set aside, Pigman cannot maintain that he did not receive the full amount, $7,677, and he cannot maintain that he did not pay Proctor the $1,151.05. The fact is that the form of the payment is not material. The administrator is charged with this money in his final settlement and is credited with it as properly paid out. It is clearly not unadministered assets. The action is in fact an effort to surcharge the settlement, and such an action cannot be brought by an administrator de bonis non.

Judgment reversed, and cause remanded for a judgment as above indicated.