# Fidelity & Deposit Co. of Maryland v. Barrett, Master Commissioner, et al.

(Decided Dec. 17, 1937.)

J. J. MOORE and HENRY J. SCOTT for appellant.

STRATTON & STEPHENSON and O. T. HINTON for appellees.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is the fourth time that various questions arising out of the settlement of the estate of Mrs. Kentucky Maynard have reached this court. See Maynard's Adm'r v. Maynard, 263 Ky. 620, 92 S. W. (2d) 807; Maynard v. Maynard's Adm'r, 251 Ky. 246, 64 S. W. (2d) 567, 91 A. L. R. 697; Maynard v. Steele, 242 Ky. 745, 47 S. W. (2d) 738. The original suit was instituted for the settlement of Mrs. Maynard's estate by A. J. Maynard as surviving husband. A more complete statement of the facts surrounding the litigation may be found in the decision reported in Maynard v. Maynard's Adm'r, 251 Ky. 246, 64 S. W. (2d) 567, 91 A. L. R. 697.

The surety on the bond of R. H. Sowards, the administrator of the estate, is the appellant in the present case. It was a party defendant in the original settle-

ment suit, but was not mentioned in the original judgment, apparently because there was no finding against the administrator. An appeal was taken from the original judgment, but the surety company was not made a party to that appeal. The original judgment was reversed as against Sowards, and the ultimate result has been a determination that he is indebted to the estate for a sum in excess of $7,000. A rule was issued in the circuit court directing Sowards to repay this amount to the estate, but it developed that he was insolvent. Thereupon this action was filed by the master commissioner of the Pike circuit court, together with two of the heirs of Mrs. Kentucky Maynard, who asked to be permitted to prosecute the action in behalf of themselves and all of the other heirs against the appellant surety company. Appellant filed a special demurrer and an amended special demurrer to the petition, in which it raised the question of the capacity of the plaintiffs to bring the action. The plaintiffs moved that the action be transferred to equity and consolidated with the old settlement suit. A special judge, sitting for the regular circuit judge of the Pike circuit court, heard these matters. He overruled the special demurrer and sustained the motion to transfer the case to equity and consolidate it with the old settlement suit. The plaintiffs made a motion for judgment by default. The appellant filed a motion for a continuance, supported by affidavits showing that negotiations for a compromise of appellant's liability had been under way and that appellant in good faith had not expected to be required to plead immediately after the court passed on the special demurrer. In spite of this motion, however, the court refused to grant a continuance, and appellant's local attorney thereupon prepared an answer pleading, amongst other things, res adjudicata. Objection was made by plaintiffs to the filing of this answer, and the special judge sustained the objection and refused to permit the tendered answer to be filed. He then rendered judgment against appellant for the full amount claimed in the petition, and this appeal followed.

It is obvious that the master commissioner of the Pike circuit court has no interest in the cause of action sought to be asserted and is without capacity to sue under the mere color of his official status. He shows no authority to appear in the case other than his office.

No reason is apparent why this cause of action,.

assuming that one exists, should not have been prosecuted in the name of an administrator de bonis non, as provided in section 3846-1 of the Kentucky Statutes, 1936 Edition. It is true that, prior to the enactment of section 3846-1 in 1934, a right of action such as that here sought to be asserted rested alone in the distributees, heirs, or creditors of the deceased. Proctor v. Pigman's Adm'r, 246 Ky. 745, 56 S. W. (2d) 342. Proctor v. Pigman's Adm'r was decided in 1933, and section 3846-1 was no doubt enacted to cure the very situation presented in that case. It may logically be assumed that the Legislature intended that the remedy provided by section 3846-1 should be exclusive in a situation such as that now presented. Certainly it is the orderly method to pursue. As pointed out in Barrett v. Barrett's Adm'r, 170 Ky. 91, 185 S. W. 499, 500:

"The contention that administration ought not to have been granted nor the suit maintained, because the estate did not owe any debts and there were no creditors, is without merit. The decedent had heirs at law, and if she was the owner of any personal esstate, a distribution was necessary, and if any debts were owing to the estate or any one had without right converted the assets of the estate to his own use, a suit could not be maintained for the recovery of any debts or demand owing to the estate except by a personal representative, or by a creditor or heir at law, after demand had been made upon the personal representative and he had failed or refused to sue. The personal property of an intestate does not vest in the heir upon the death of the intestate, but it passes to the personal representative provided by law. If there are no debts owing by the intestate, it must necessarily be collected for distribution among the heirs, and if debts are owing to the estate, the heir cannot sue until demand has been made of the personal representative to do so, and he has failed or refused. The appointment of a personal representative is a necessity if there is to be a collection and distribution of the assets. McLemore, etc., v. Sebree Coal & Mining Company, 121 Ky. [53] 58, 88 S. W. 1062, 28 Ky. Law Rep. 25; Williams v. Coffman, 101 S. W. 919, 31 Ky. Law Rep. 151; Brunk v. Means, 11 B. Mon. [214] 216; Loyd v. Loyd, 46 S. W. 485, 20 Ky. Law Rep. 347; McChord v. Fisher's Heirs, 13 B. Mon. [193] 194;

166

. Bennett v. Bennett's Adm'r, 134 Ky. 444, 120 S. W. 372.''

Appellees are here seeking to recover a fund which must be distributed amongst all of the heirs through some sort of administration. At common law this right of recovery rested in the heirs for the simple reason that no right of action was given to an administrator de bonis non. The reason for the rule having failed with the enactment of the statute, we are of the opinion that the same rule should apply to these assets as to any others and that the heirs or distributees are here without capacity to sue except in the special circumstance of a request made of the personal representative and his refusal to do so.

Appellees make no attempt to rebut the argument of appellant in regard to the special demurrer, except to insist that their petition, having been consolidated with the old settlement suit, should be treated simply as a notice and motion for judgment against the appellant surety. We are cited to no authority justifying this proposed procedure, and we have found none either in section 444 of the Civil Code of Practice or elsewhere.

In view of the conclusion we have reached in regard to the special demurrer, it is not necessary now to consider the various other questions raised, and they are reserved.

Judgment reversed.