**RADIO STATION WQCK, f/d/b/a
Radio Station WFEX, Appellant,**

v.

**T.M. COMMUNICATIONS,
INC., Appellee.**

No. 05–87–00220–CV.

Court of Appeals of Texas,
Dallas.

Jan. 13, 1988.

James C. Belt, Jr., Dallas, for appellant.

Lindsey Vinson, Geoffrey G. Tudor, Dallas, for appellee.

Before STEPHENS, ROWE and McCRAW[1], JJ.

ROWE, Justice.

■ Radio Station WQCK (WQCK) appeals an adverse judgment finding the station liable on a contract executed by T.M. Communications, Inc. (TM) and Bayou State Broadcasting. The station assigns four points of error, all of which assert factual insufficiency. Since the station failed to file a statement of facts in this Court, we overrule the station's points of error and affirm the trial court's judgment.

It would appear from the parties' briefs in this case that Bayou State Broadcasting operated Radio Station WFEX (WFEX) and entered into the contract in question for the benefit of that station. At some point at which the contract was still ongoing, WQCK bought Bayou State Broadcasting and began operating WFEX as Radio Station WQCK but failed to recognize the existing contractual obligations with TM.

■ WQCK's four points of error attack the sufficiency of the evidence supporting the trial court's findings that WFEX's liability was transferable to WQCK and that the trial court had proper jurisdiction and venue over WQCK. It is axiomatic that

---

1. The Honorable John L. McCraw, Jr., Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, concurred in the issuing of this opinion prior to his retirement on December 28, 1987.

there is a presumption of evidential sufficiency on appeal and that an appeal on an evidentiary matter without a statement of facts presents nothing on review. *Gutherie v. National Homes Corp.*, 394 S.W.2d 494, 495 (Tex.1965); *Adams v. Sadler*, 696 S.W.2d 690, 691 (Tex.App.—Austin 1985, writ ref'd n.r.e.); *Carrao v. Committee on the Unauthorized Practice of Law, State Bar of Texas*, 638 S.W.2d 183, 185 (Tex. App.—Dallas 1982, no writ).

It was WQCK's duty to cause a statement of facts to be prepared and filed with the Clerk of the Court of Appeals. TEX.R. APP.PROC. 53, 54. Since WQCK failed to cause a statement of facts to be filed in this case, we are bound to disregard the evidentiary points of error and affirm the trial court's judgment.

This Court cannot condone WQCK's disregard for the basics of appellate protocol in this case. Not only was no statement of facts filed making the appeal futile, but also counsel for WQCK failed to appear before this Court for oral argument which was scheduled on his request. We can only conclude that the appeal was brought for purposes of delay.

After submission, TM filed a motion for damages against WQCK in this case. For the reasons stated above and pursuant to Rule 84, TEX.R.APP.PROC., we grant the motion in part and award TM damages of $1,288.86, ten percent of the sum awarded as damages by the trial court. TM's request for attorney fees under Rule 82 on appeal is denied because this court is unable to grant such fees when no fact finding thereon was made by the trial court. *International Security Life Insurance Co. v. Spray*, 468 S.W.2d 347, 349 (Tex.1971).

We affirm the trial court's judgment and grant Rule 84 damages on appeal.