ARCHER, Clarence C. (Bud) Appellant,

v.

Marcia WOOD, Indiv. & as
n/f/f Appellee.

No. 05–88–01212–CV.

Court of Appeals of Texas,
Dallas.

May 10, 1989.

Paul W. Leech, Grand Prairie, for appellant.

Cameron M. Spradling, James M. Suggs, Jr. and Dana Brooks Bourland, Irving, for appellee.

Before McCLUNG, BAKER and KINKEADE, JJ.

McCLUNG, Justice.

Clarence C. Archer appeals a jury verdict in a civil action for damages arising out of a sexual assault of a child. The jury found that Archer had sexually assaulted the child and awarded her both actual and punitive damages. In two points of error, Archer alleges that the trial court erred in admitting certain hearsay testimony and that, due to a fatal conflict in the answers to two jury questions, the award of punitive damages was prohibited. We affirm the trial court's judgment.

■ Archer failed to cause a statement of facts to be filed, as was his duty. TEX. R.APP.P. 53, 54. Absent a statement of facts, this Court must presume that there is evidence to support the findings of fact and the trial court's judgment. *Mays v. Pierce,* 154 Tex. 487, 493, 281 S.W.2d 79, 82 (1955). Without a statement of facts, this court's review is limited generally to complaints concerning: 1) errors of law; 2) erroneous pleadings or rulings thereon; 3) an erroneous charge; 4) irreconcilable conflicts of jury findings; 5) summary judgments; and 6) fundamental error. *American Mutual Liability Ins. Co. v. Guerrero,* 678 S.W.2d 264, 265 (Tex.App.—Corpus Christi 1984, no writ).

■ In his first point of error Archer alleges that the trial court erred in admitting certain hearsay testimony. An appeal on an evidentiary matter without a statement of facts presents nothing on review. *Radio Station WQCK v. T.M. Communications, Inc.,* 744 S.W.2d 676, 677 (Tex. App.—Dallas 1988, no writ). We overrule Archer's first point of error.

■ In his second point of error Archer alleges that there is a fatal conflict between the answers to two jury questions. Archer argues that under the "unusual facts and circumstances of this case" the jury's answers to these questions are in fatal conflict. The burden is on the appellant to see that a sufficient record is presented on appeal so as to preserve the error upon which he relies. Otherwise, the allegation of error is waived. *Petitt v. LaWare,* 715 S.W.2d 688, 690 (Tex.App.—

Houston [1st Dist.] 1986, writ ref'd n.r.e.). Absent a statement of facts, this Court is in no position to consider the "unusual facts and circumstances of this case." Accordingly, we look to the jury answers alone to see if there exists a fatal conflict.

■ Archer contends that the "no" answer to question No. 4 is in fatal conflict with the "yes" answer to questions No. 6 and No. 7 in light of the phrasing in question no. 1. Question No. 1 asked the jury if they found, from a preponderance of the evidence, that appellant assaulted the child. This question contained an instruction as to the elements of assault. The jury answered "yes." Question No. 4 asked if they found from a preponderance of the evidence, that Archer had intentionally inflicted emotional distress upon the child. The jury answered "no." The charge then directed them to proceed to question No. 6. Question No. 6 asked if they found from a preponderance of the evidence that Archer committed the assault *and/or* intentionally inflicted emotional distress with malice (emphasis added). The jury was instructed that malice meant "intentional action with gross indifference to the rights of another." In response, the jury answered "yes." Question No. 6 permitted the jury to find either that the assault was committed with malice or that the infliction of emotional distress was committed with malice. The jury obviously found the assault was committed with malice.

■ The question before this Court is not whether the jury findings may reasonably be viewed as being in conflict, but instead whether there is any reasonable basis upon which they may be reconciled. Our duty is to harmonize the findings if possible. *Bender v. Southern Pacific Transportation Co.,* 600 S.W.2d 257, 260 (Tex.1980). We conclude that these jury findings are not in conflict. This point of error is without merit. We overrule Archer's second point of error.

■ This Court cannot condone Archer's actions, or lack thereof, in appealing this case. Archer's brief failed to comply with rule 74(f) TEX.R.APP.P.; Archer's first

point was not preserved; his second point of error was entirely without merit. Archer's failure to file a statement of facts served to make the entire appeal futile. Additionally, counsel for Archer requested oral argument, then failed to appear when scheduled. We conclude that this appeal was brought for purposes of delay and accordingly, pursuant to rule 84, Texas Rules of Appellate Procedure, we award delay damages of $16,525.00, five percent of the sum awarded as damages by the trial court. *See Radio Station WQCK v. T.M. Communications, Inc.*, 744 S.W.2d at 677.

We affirm the trial court's judgment and grant Rule 84 delay damages on appeal.