Sadri **KRASNIQI** and Sebhate **Krasniqi, Appellants,**

v.

**DALLAS COUNTY CHILD PROTECTIVE SERVICES UNIT OF the TEXAS DEPARTMENT OF HUMAN SERVICES, Appellee.**

No. 05–90–00965–CV.

Court of Appeals of Texas, Dallas.

May 7, 1991.

Rehearing Denied June 14, 1991.

Kenneth A. Mayfield, J. Craig Jett, Dallas, for appellants.

David Cole, Dallas, for appellee.

Before ENOCH, C.J., and WHITHAM and WHITTINGTON, JJ.

## OPINION

WHITHAM, Justice.

The parent-appellants, Sadri Krasniqi and Sebhate Krasniqi, appeal from a judgment terminating the parent-child relationships between them and their two children, Urtim Krasniqi and Limma Krasniqi. The judgment followed the filing of a petition for termination of parental rights by the appellee, Dallas County Child Protective Services Unit of the Texas Department of Human Services, pursuant to the Texas Family Code, section 15.02(1)(D) and (E) and 15.02(2). The jury found that each parent has knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the children's physical or emotional well-being and each parent has engaged in conduct and knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children. *See* TEX.FAM.CODE ANN. § 15.02(1)(D) and (E) (Vernon Supp.1991). The jury also found that termination of the parent-child relationship between each parent and the children is in the best interest of the children. *See* TEX.FAM.CODE ANN. § 15.02(2) (Vernon Supp.1991). The initial points of error raise evidentiary matters only. We have no statement of facts. Accordingly, we affirm.

We have no statement of facts because of "time" constraints imposed by the Texas Rules of Appellate Procedure. The following chronology pertains to the "timeliness" issue before this court and to the orders of this court:

| DATE | EVENT OR TRANSACTION |
|---|---|
| April 18, 1990 | Trial court judgment signed. |
| April 26, 1990 | Motion for New Trial filed in trial court. |
| July 5, 1990 | Motion for New Trial overruled by trial court. |
| August 16, 1990 | Record Due in Court of Appeals (TEX.R.APP.P. 54(a)). |
| August 31, 1990 | Last day for filing a Motion to Extend Time for filing a Statement of Facts in the Court of Appeals (TEX.R.APP.P. 54(c)). |
| September 11, 1990 | Motion to Extend Time to File Brief in the Court of Appeals (Sebhate Krasniqi). |
| September 12, 1990 | Motion to Extend Time to File Brief in Court of Appeals (Sadri Krasniqi). |
| September 17, 1990 | Order granting September 12, 1990 Motion and allowing the filing of brief by October 4, 1990 (Sadri). |
| September 20, 1990 | Order granting September 11, 1990 Motion and allowing the filing of brief by October 29, 1990 (Sebhate). |
| October 4, 1990 | Brief filed in Court of Appeals (Sadri). |
| October 4, 1990 | Statement of Facts tendered to Court of Appeals. |
| October 5, 1990 | Motion to Extend Time and Motion to Compel Clerk of the Court of Appeals to file Statement of Facts filed (by both Sadri and Sebhate). |
| October 15, 1990 | Court of Appeals' Order denying October 5, 1990 Motion to Extend and Compel and Order striking Statement of Facts (as to both Sadri and Sebhate). |
| October 24, 1990 | Motion to Reconsider filed in Court of Appeals (Sebhate). |
| October 25, 1990 | Motion to Reconsider filed in Court of Appeals (Sadri). |
| October 29, 1990 | Court of Appeals' Order denying October 24, 1990 Motion to Reconsider (Sebhate). |

| DATE | EVENT OR TRANSACTION |
|---|---|
| October 29, 1990 | Brief filed in Court of Appeals (Sebhate). |
| November 13, 1990 | Second Motion to Reconsider (or Motion for Rehearing on Motion to Reconsider) filed in Court of Appeals (Sadri). (NOTE: Counsel for Sadri Krasniqi denominated this motion as "MOTION FOR REHEARING OF MOTION TO RECONSIDER APPELLANT'S MOTION TO EXTEND TIME AND COMPEL CLERK TO FILE STATEMENT OF FACTS, OR, ALTERNATIVELY, MOTION TO SUSPEND RULES OR FOR OUT OF TIME APPEAL." Counsel filed it on November 13, 1990. The Order on the original Motion to Reconsider filed on October 25, 1990 had not been acted upon as of November 13, 1990 (although the Order denying the original Motion shows to have been issued two days later). Thus, the Clerk of this Court of Appeals apparently changed the caption of this motion to conform with the situation that existed on the date of filing.) |
| November 15, 1990 | Court of Appeals' Order denying October 25, 1990 Motion to Reconsider (Sadri). |
| November 30, 1990 | Court of Appeals' Order denying November 13, 1990 Motion (Sadri). |

---

Therefore, we have no statement of facts because the parents did not timely file the statement of facts and did not timely move to extend time for filing the statement of facts. Consequently, the statement of facts tendered to this court was stricken. The parents concede that they did not timely file the statement of facts and did not timely move to extend time for filing the statement of facts. The parents, however, in supplemental points of error contained in their respective supplemental briefs, contend that this court has erroneously declined to allow them to file the statement of facts. The parents' supplemental points of error advance three arguments to support their contentions.

*State Law*

■ First, the parents argue that there is state law authority for out-of-time filing of the statement of facts. The parents point to Rule 2(b) of the Texas Rules of Appellate Procedure providing that "for good cause shown, a court of appeals … may suspend requirements and provisions of *any rule* in a particular case on application of a party or on its own motion and may order proceedings in accordance with its discretion." TEX.R.APP.P. 2(b) (emphasis

that of the parents). We quote the rule in its entirety, including its heading:

**(b) Suspension of Rules in Criminal Matters.** Except as otherwise provided in these rules, in the interest of expediting a decision or for other good cause shown, a court of appeals *or the Court of Criminal Appeals* may suspend requirements and provisions of any rule in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. *Provided, however, that nothing in this rule shall be construed to allow any court to suspend requirements or provisions of the Code of Criminal Procedure.*

TEX.R.APP.P. 2(b) (emphasis added by this court). We conclude that Rule 2(b) pertains to criminal appeals only. We reach this conclusion because the body of the rule refers to "a court of appeals" and "the Court of Criminal Appeals," but not to the "Supreme Court." Further, the body of the rule refers to the "Code of Criminal Procedure." Thus, we reason that Rule 2(b) has no application to civil appeals. It is undisputed that a termination of parental rights case, such as the present case, is a civil proceeding and not a criminal proceed-

ing. In concluding that the language of Rule 2(b) refers to criminal appeals only, we place no import to the heading of Rule 2(b): "Suspension of Rules in Criminal Matters." Hence, we do not reach the parents' argument that section 311.024 of the Code Construction Act applies and we must treat the rule's heading as not to "limit or expand the meaning of the statute [rule]." TEX.GOV'T CODE ANN. § 311.024 (Vernon 1988).

■ The parents, however, reach elsewhere within the Code Construction Act and insist that the language of section 311.-021(3), "a just and reasonable result is intended," should be applied to the present case to mean that denial of the filing of the statement of facts would not be a just and reasonable result. *See* TEX.GOV'T CODE ANN. § 311.021(3) (Vernon 1988). The parents assert the absence of a "just and reasonable result" constitutes a deprivation of due process rights afforded by the state and federal constitutions. We disagree for the following reasons. First, the parents rely on criminal cases only involving various time requirements. Again, we point out that the present case is a civil appeal, not a criminal appeal. Moreover, a civil proceeding, even one involving a higher degree of proof than that ordinarily required, is not to be treated as a criminal case with all the procedural requirements of a criminal hearing strictly applicable. *Howell v. Dallas County Child Welfare Unit,* 710 S.W.2d 729, 735 (Tex.App.—Dallas 1986, writ ref'd n.r.e.), *cert. denied,* 481 U.S. 1018, 107 S.Ct. 1898, 95 L.Ed.2d 505 (1987). Second, due process and equal protection do not require that the procedural time limits for filing the statement of facts cannot be waived in a termination of parental rights case. *See Howell,* 710 S.W.2d at 734. Therefore, we conclude that the parents have suffered no violation of due process rights afforded by the state and federal constitutions. Hence, we find no merit in the parents' "State Law" argument.

## Denial of Effective Assistance of Counsel

■ Second, the parents argue that the failure to file the statement of facts de-prives them of effective assistance of counsel. The parents maintain that denial of an out-of-time filing of the statement of facts violates the due process clause of the Fourteenth Amendment because of the ineffectiveness of their counsel on appeal. The parents ground their argument on *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). In *Evitts,* the issue before the Supreme Court was "whether the state court's dismissal of the appeal, despite the ineffective assistance of respondent's counsel on appeal, violates the Due Process Clause of the Fourteenth Amendment." *Evitts,* 469 U.S. at 391–92, 105 S.Ct. at 833. *Evitts* was a criminal case. As in the present case, "ineffective" in *Evitts* relates to an appellant's failure to timely file a required part of the appellate record. *See Evitts,* 469 U.S. at 389, 105 S.Ct. at 832. Nevertheless, in *Howell,* we declined to extend the holding in *Evitts* to a termination of parental rights case such as the present case. *See Howell,* 710 S.W.2d at 735. Again, a civil proceeding, even one involving a higher degree of proof than that ordinarily required, is not to be treated as a criminal case with all the procedural requirements of a criminal hearing strictly applicable. *See Howell,* 710 S.W.2d at 735.

The parents would have us disregard *Howell* on the asserted basis "that our conclusion in *Howell* that *Evitts* was a Sixth Amendment case." The parents' underlying premise is wrong. Our opinion in *Howell* does not treat the issue as a Sixth Amendment case. Rather, *Howell* states the issue in *Howell* to be whether "the action of [this court] in denying appellant a statement of facts in this cause on appeal deprives her of equal protection and due process of law under the Fourteenth Amendment of the United States Constitution." *Howell,* 710 S.W.2d at 733. The only mention made of the Sixth Amendment in *Howell* is in connection with *Howell's* rejection of *Evitts* as controlling since *Evitts* was a criminal case. Thus, we treat the present case as we did *Howell;* that is, as nothing other than an appellate argument that our requiring of compliance with

state rules of appellate procedure in a civil proceeding somehow violates due process in a parental termination case. We rejected that approach in *Howell*. We again reject that argument in the present case. In reality, the present case is not one of "ineffective assistance of counsel" in the criminal law concept. Indeed, the asserted "ineffective" counsel are still with us and prosecute this appeal. Thus, we reason that if counsel are "ineffective," the parents who tell us these retained counsel failed to timely file the statement of facts must still remain satisfied with the quality of their services. To use words from the father's supplemental brief we have a case of "inadvertent failure to file," perhaps, but "ineffective assistance of counsel" in a civil appeal, no.

We conclude, therefore, that our refusal to allow untimely filing of the statement of facts did not deny the parents due process even though the parents' counsel tell us at oral argument that they were ineffective counsel for failing to timely file the statement of facts. Hence, we find no merit in the parents' "violation of due process because of ineffective assistance of counsel" argument. Simply put, the constitutional right to effective assistance of counsel in criminal actions does not extend to a civil proceeding involving the termination of parental rights. *Posner v. Dallas County Child Welfare Unit*, 784 S.W.2d 585, 588 (Tex.App.—Eastland 1990, writ denied).

### Strict Application of Time Limits Violates Due Process of Law

■ Lastly, the parents argue that strict application to them of the time limits regarding filing of the statement of facts deprives them of due process of law. The parents insist that they have a constitutional right to have the merits of this appeal heard. The parents maintain that it is well established that a statute or rule may be held constitutionally invalid as applied when it operates to deprive an individual of a protected right although its general validity as a measure enacted in the legitimate exercise of state power is beyond question. *Boddie v. Connecticut*, 401 U.S. 371, 379, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971). We read the parents to argue that the "protected right" in question is the right to be heard on the merits in this appeal. We recognize that a State must afford to all individuals a meaningful opportunity to be heard if it is to fulfill the promise of the Due Process Clause. *Boddie*, 401 U.S. at 379, 91 S.Ct. at 786. We conclude, however, that in the present case the State of Texas afforded the parents a meaningful opportunity to be heard in this appeal. Here, the State of Texas afforded the parents 120 days to file their statement of facts plus 15 days beyond that to file a motion for an extension of time to file the statement of facts. The parents do not complain of those time periods or contend that they were in any way unable to meet those time requirements. Instead, we gather from the supplemental brief of the mother and the supplemental brief of the father that the statement of facts had been obtained and could have been filed within the time limit, but that the father's counsel "inadvertently" failed to timely file the statement of facts. We decline to hold that "inadvertent failure" on the part of litigants to comply with a rule of appellate procedure can result in state denial to an individual of a meaningful opportunity to be heard. It follows that the strict application of the time limits regarding filing of the statements of facts did not deprive the parents of due process of law. Hence, we find no merit in the parents' "strict application of time limits violates due process" argument.

■ Having found no merit in any of the parents' three arguments as to why this court erroneously declined to allow them to file the statement of facts, we overrule the mother's sole supplemental point of error contending that this court has erroneously declined to allow the mother to file the statement of facts, and we overrule the father's supplemental point of error contending that this court has erroneously de-

clined to allow him to file the statement of facts. It must be recognized that the time limits prescribed by rule 54(c) [formerly rule 21c of the Texas Rules of Civil Procedure] accomplish an important purpose by fixing the date a judgment becomes final. *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860, 862 (Tex.1982). Valuable property and personal rights are fixed as of that time. If a record may be filed at any time after the cost bond is timely filed, a successful litigant will not know when the judgment becomes final. *B.D. Click Co.*, 638 S.W.2d at 862. Thus, the courts of appeals have no authority to consider a late filed 54(c) motion. *Trans–Continental Properties, Ltd. v. Taylor*, 717 S.W.2d 890, 891 (Tex.1986). With this explanation, we turn to consider the consequences of the parents' appeal in the absence of a statement of facts.

### Disposition of the Appeal in the Absence of a Statement of Facts

We have no statement of facts. All of the remaining points of error raised by both parents are evidentiary points of error. These points of error challenge the legal and factual sufficiency of the evidence to support jury findings, complain of the admission of certain testimony, challenge the constitutional sufficiency of the evidence to terminate parental rights and assert deprivation of effective assistance of trial counsel. An appeal on an evidentiary matter without a statement of facts presents nothing for review. *Archer v. Wood*, 771 S.W.2d 631, 632 (Tex.App.—Dallas 1989, no writ). Absent a statement of facts, this court must presume that there is evidence to support findings of fact and the trial court's judgment. *Archer*, 771 S.W.2d at 632 (citing *Mays v. Pierce*, 154 Tex. 487, 493, 281 S.W.2d 79, 82 (1955)). Without a statement of facts, this court's review is limited generally to complaints concerning: 1) errors of law; 2) erroneous pleadings or rulings thereon; 3) an erroneous charge; 4) irreconcilable conflicts of jury findings; 5) summary judgment; and 6) fundamental error. *Archer*, 771 S.W.2d at 632. No such complaints are assigned as error in the present case. We overrule all points of error of both the mother and father.

We affirm the trial court's judgment.

ENOCH, Chief Justice, concurring.

Parents have lost their children forever. This result may be properly supported by the evidence and commanded by law. I hope so. For in spite of requests by both the parents and the State, we will not fully review the trial court's decision because the parents' lawyers failed to file the statement of facts on time. This willful refusal is not required by the Common Law nor by statute; it is required by a rule of procedure.[1] I agree with the majority that rule 2(b) and *Evitts* do not apply here.[2] I agree that application of 54(c) does not violate notions of due process of law. And, I agree that without a statement of facts, we must presume that the facts support the judgment. But, Rule 54(c) which *Click* holds prohibits our consideration of a late filed statement of facts is manifestly unjust.[3] It must be changed.

Our jurisdiction to hear an appeal attaches when an appeal bond (or notice of appeal where appropriate) is timely filed in the trial court.[4] The appeal bond in this case was timely filed. This court has jurisdiction.

But, there is a catch. Rule 54(c) prevents us from considering the statement of facts if it is late, and if the motion to extend time to file is itself not timely filed.[5]

1. Tex.R.App.P. 54(c).

2. Tex.R.App.P. 2(b); *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

3. *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860 (Tex.1982).

4. Tex.R.App.P. 41.

5. *Trans–Continental Properties, Ltd. v. Taylor*, 717 S.W.2d 890, 891 (Tex.1986).

However, we have neither lost jurisdiction nor have we been relieved of the duty to proceed with consideration of the merits of the appeal.[6] We must still await briefing of the issues by the parties; we must still hear argument if requested by the parties; we must still write an opinion expressing our reasons for our decision in the case. All of that happened in this case. Regardless, the appeals process was illusory.[7] In this case, the statement of facts was not filed in time and the motion to extend the time to file was tendered late, therefore, we could not review the evidence in the trial.

A rule such as Rule 54(c) is promulgated to move appeals through the courts at an appropriate rate of speed. That is to say, encourage litigants to give due regard to time limits and permit the appellate court to dispose of the appeal under circumstances where litigants are less than prompt in meeting appellate deadlines. Thus, limited judicial resources are not wasted and the dispute is timely resolved. I do not argue with this premise. But the premise fails with Rule 54(c); it does not save this Court any measurable, limited judicial resources nor does it necessarily provide a prompt resolution of the dispute. As a general proposition, attorneys know that a motion for extension to file the statement of facts must be filed within fifteen days after the original due date. Not a countable fraction of appeals do we dispose of because a lawyer failed to timely file an extension motion. As to those appeals which are disposed of due to a late-tendered statement of facts, nearly all foundered in the appellate sphere until the briefs were tendered because, regardless of whether we have a statement of facts before us, we must still review the transcript and consider all points of error not evidentiary based. I acknowledge that one rea-

son given in *Click* for a non-discretionary application of Rule 54(c)'s predecessor was the need for finality in judgments.[8] However, that statement is but the reason behind the proposition that appeals should be expeditious. I state again, whatever sureness this harsh rule gives to finality or time savings, it is too small to even measure.

I do not advocate abolition of Rule 54(c). The purpose of appellate deadlines is to ensure a prompt resolution of the appeal. This inures to the benefit of the Court, the litigants, and the citizens of this State. However, a guiding principle of our appellate rules should be "to eliminate, *insofar as practical*, the requirements which sometimes resulted in disposition of appeals without consideration of the merits."[9] Specifically, the rules should not create unnecessary traps for the inattentive or unwary. An unnecessary trap is making some deadlines deadly and others deadly only if the court determines that this is the proper remedy for a recalcitrant litigant or attorney.[10] Under the discretionary rules such as rule 74(1), it is this Court's practice to notify an attorney who has missed a deadline that the appeal may be dismissed if no action is taken in a stated period of time (or if the appellee was the defaulting party, that the case would be submitted without consideration of the matters appellee wished to have brought forward). Arguably, it makes equally good sense that the appellate court have the opportunity to notify a defaulting appellant of the failure to timely file the statement of facts (or even the transcript if that had been the case here). Perhaps it makes more sense. Unlike a brief which is under the sole control of the attorney, the transcript is prepared by the trial court clerk and the statement of facts is prepared by the court reporter, and consequently, the attorney

---

6. Tex.R.App.P. 54(a); *B.D. Click Co.*, 638 S.W.2d at 861.

7. *See Archer v. Wood*, 771 S.W.2d 631 (Tex.App. —Dallas 1989, no writ).

8. *Click*, 638 S.W.2d at 862.

9. *Click*, 638 S.W.2d at 861.

10. *Compare*, Tex.R.App.P. 54(c) *with* Tex.R.App.P. 74(1), (n).

who is the "responsible" party may, in fact, not know that the record has not been filed.

Exceptions to Rule 54(c) have been urged.[11] However, I do not advocate exceptions to this rule, its failure to allow appellate court discretion is equally damaging to litigants regardless of the nature of the case, and it, in fact, provides none of the benefit that it theoretically purports to give. I would change the rule so that appellate courts, subject to the showing of a reasonable explanation, have the discretion to allow the late filing of the record.

---

11. *See E— T— J— v. State,* 766 S.W.2d 871, 872–74 (Tex.App.—Dallas 1989, no writ) (Kinkeade, J., dissenting).