**Robert RIGGS, Appellant,**

v.

**TECH/III, INC., Appellee.**

**No. 05–92–01053–CV.**

Court of Appeals of Texas, Dallas.

Aug. 4, 1992.

Steven D. Goldston, Dallas, for appellant.

Mark P. Blenden, Dallas, for appellee.

Before ENOCH, C.J., and MALONEY and CHAPMAN, JJ.

## OPINION

ENOCH, Chief Justice.

Appellant Robert Riggs appeals, by petition for writ of error, a default judgment in favor of appellee Tech/III, Inc. He has filed a "motion for extension of time to file supplemental transcript." For the reasons stated below, we will treat the motion as a motion to extend the time to file the statement of facts. We grant the motion.

■ Riggs wishes to introduce into the record on appeal a court reporter's affidavit stating that the hearing resulting in the default judgment was not recorded.[1] A court reporter's affidavit or certificate is the appropriate way of showing that a hearing was not recorded, so that a statement of facts is not available. *See Morgan Express, Inc., v. Elizabeth–Perkins, Inc.*, 525 S.W.2d 312, 314 (Tex.Civ.App.—Dallas 1975, writ ref'd). The affidavit is brought into the record on appeal by incorporation into the transcript. *Cf.* TEX.R.APP.P. 50(c) (a statement of the case and of the facts proven shall be copied into the transcript in lieu of the proceedings themselves). Riggs

has offered to file just such a supplemental transcript, and his motion is unopposed.

■ The inquiry does not end there, however; we must consider whether we have the authority to grant the motion. It is true that a motion to supplement the record may be filed, and acted upon, at any time. *See, e.g., Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121, *passim* (Tex.1991) (per curiam). A motion to extend the time to file the statement of facts, however, must be filed by a certain deadline in order to give a court of appeals authority to consider it. *See Collins v. Williamson Printing Corp.*, 746 S.W.2d 489, 490–91 (Tex.App.—Dallas 1988, no writ). If a motion to extend the time to file the statement of facts has not been timely filed, a motion to supplement the record cannot be used as a substitute to circumvent the deadline imposed by Texas Rule of Appellate Procedure 54(c).[2] *See Rodriguez v. American Gen. Fire & Casualty Co.*, 788 S.W.2d 581, 582 (Tex.App.—El Paso 1989, writ denied).

■ The question is must an appellant bring a court reporter's affidavit, in lieu of a statement of facts, into the record on appeal within the time constraints of rule 54 or may he do so at any time, so long as any delay does not unreasonably delay the appeal. *See Crown Life Ins. Co.*, 820 S.W.2d at 122. While it is true that the affidavit in lieu of a statement of facts is to be included in the transcript, the actual statement of facts itself, when there is one, can also be copied into the transcript. *See Adcock v. King*, 520 S.W.2d 418, 421 n. 3 (Tex.Civ.App.—Texarkana 1975, no writ). On the other hand, an appellant who does not timely file a statement of facts could scarcely circumvent the time constraints of

---

**1.** Riggs also included a copy of the affidavit as an exhibit to his brief on the merits. The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, thus, the documents cannot be considered. *Perry v. Kroger Stores*, 741 S.W.2d 533, 534 (Tex.App.—Dallas 1987, no writ) (on mot. for reh'g). By order dated July 9, 1992, we struck the exhibit from the brief. Either the affidavit is formally included in the record on appeal or it is not to be considered at all.

**2.** We expressly note here that, although Riggs wants to include a supplemental transcript in the record, he explicitly requests an extension of time to file the supplemental transcript. Therefore, treating the motion as one to extend the time to file the statement of facts does not grant Riggs any more relief than he has requested and it does not treat a simple motion to supplement the record, without an extension request, as the equivalent of an extension motion.

rule 54 by the simple expedient of submitting the untimely statement of facts in the form of a supplemental transcript. Such a result would completely thwart the policy of imposing time limits, so that a successful litigant would not then know when the judgment becomes final. *B.D. Click Co., Inc., v. Safari Drilling Corp.*, 638 S.W.2d 860, 862 (Tex.1982). The purpose of appellate deadlines is to ensure a prompt resolution of the appeal. This inures to the benefit of the court, the litigants, and the citizens of this State. *Krasniqi v. Dallas County Child Protective Services Unit*, 809 S.W.2d 927, 934 (Tex.App.—Dallas 1991, writ denied), *cert. denied*, —— U.S. ——, 112 S.Ct. 1763, 118 L.Ed.2d 425 and —— U.S. ——, 112 S.Ct. 2274, 119 L.Ed.2d 201 (1992) (Enoch, C.J., concurring).[3] To permit the statement of facts to be filed (under the certificate of the trial court clerk) when the original statement of facts (certified directly by the court reporter) could not itself be filed would elevate the form of the record, in determining critical deadlines, over the substance of the record.

The record on appeal consists of a transcript and, when necessary, a statement of facts. Tex.R.App.P. 50(a). The court reporter's certificate ordinarily is part of the statement of facts. *See* Tex.R.App.P. 53(f). However, when a court reporter certifies that there is no statement of facts available, the certificate is copied into the original or a supplemental transcript for no other reason than that it otherwise cannot be part of the record at all, precisely because there is no statement of facts.

The transcript contains the documents filed in the trial court, and the statement of facts contains the evidentiary portion of the record. *See* Tex.R.App.P. 51(a) & 55(a).

A court reporter's affidavit is filed in the trial court, but it is filed only after the judgment, and it is not a document that the trial court considers in arriving at its judgment. *Cf. Deerfield Land Joint Venture v. Southern Union Realty Co.*, 758 S.W.2d 608 (Tex.App.—Dallas 1988, no writ) (documents never presented to the trial court for consideration should not ordinarily be included in the record on appeal). Its legitimacy as part of the appellate record derives from its purpose: to serve as a substitute for, or explain the absence of, the statement of facts.

■■■ We conclude that a court reporter's affidavit in lieu of statement of facts must, like the statement of facts that it is intended to replace, be filed within the time constraints imposed by rule 54. Indeed, we believe that to conclude otherwise would be anomalous. Preparing a complete statement of facts can be a time-consuming task, but preparing an affidavit swearing that there is no statement of facts usually takes minimal time and effort. It makes no sense to say that the more time-consuming the task, the more inflexible the deadlines, while, on the other hand, an appellant who can accomplish a task relatively quickly should be given wide latitude in the deadline for doing so. We reiterate that the purpose of imposing deadlines is so that a successful litigant will know when the judgment becomes final and no longer subject to further review or modification. The purpose remains the same, regardless of whether a statement of facts will or will not be filed in the record on appeal.

Thus, we return to whether this Court has the authority to grant Riggs' motion. This appeal is by petition for writ of error.

---

**3.** In my concurrence in *Krasniqi*, I questioned why the deadline for filing a statement of facts on appeal is so relatively inflexible, while a deadline for filing something entirely within a party's control, such as his appellate brief, can be extended at any time. If the goal is to ensure a prompt resolution of an appeal, so that a successful litigant (such as an appellee) knows when the judgment is no longer subject to further review, rule 54(c)'s failure to allow appellate court discretion is inexplicable in light of the appellate court's discretion in being able to allow a brief to be filed at any time. *See Krasniqi*, 809 S.W.2d at 934–35 (Enoch, C.J., concurring). Nonetheless, we are constrained to follow *B.D. Click Co.;* I add this note to indicate that I have not abandoned the questions I raised in my concurring opinion in *Krasniqi.* I note that, in this very case, the original transcript was filed on May 4, 1992, and Riggs filed his brief promptly thirty days thereafter, on June 3. The disposition of the instant motion will therefore have no impact whatsoever in delaying this appeal.

It was perfected on March 6, 1992. The record was due sixty days thereafter. TEX. R.APP.P. 54(a). Hence, the record was due on May 5, 1992. Because we consider the affidavit as the equivalent of a statement of facts, Riggs' motion to extend the time to file the supplemental transcript containing the affidavit is the equivalent of a motion to extend the time to file the statement of facts. The last day on which such a motion could be filed was fifteen days after May 5, or on May 20. TEX.R.APP.P. 54(c). Riggs filed his motion on that date. Therefore, it was timely, and we have the authority to grant it.

We grant Riggs' motion for extension of time to file a supplemental transcript (treating it as the equivalent of a motion to extend the time to file the statement of facts). Riggs may file a supplemental transcript containing only the court reporter's affidavit within seven days.