Leimi **GUERRA**, Appellant,

v.

**TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES**, Appellee.

No. 04–95–00683–CV.

Court of Appeals of Texas, San Antonio.

Feb. 5, 1997.

Richard J. Gonzalez, Laredo, for Appellant.

Michael Bukiewicz, Assistant County Attorney, Laredo, for Appellee.

Before RICKHOFF, GREEN and DUNCAN, JJ.

## OPINION

GREEN, Justice.

Leimi Guerra appeals from a judgment terminating the parent-child relationship between her and her minor son and daughter. Guerra's attorney, Richard Gonzalez, filed what he called an *Anders* brief in which he contends that the court below erred in severing the cases against Guerra and the unknown father(s) to her children and that this Court improperly refused to accept Guerra's untimely statement of facts. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Because Gonzalez did not cite any authority for his assumed ability to file an *Anders* brief in a civil, parent-child termination case, we decline to treat his brief as an *Anders* brief. Moreover, even if we did permit Gonzalez to file an *Anders* brief in this type of case, Gonzalez failed to meet the necessary procedural requirements. Gonzalez failed to show that he informed Guerra of her right to review the record and file a pro

se brief and failed to demonstrate that he provided Guerra with the necessary details of the procedures on how to gain access to the records. *See Bruns v. State*, 924 S.W.2d 176, 177 n. 1 (Tex.App.—San Antonio 1996, n.w.h.). The brief only cites that Gonzalez sent Guerra a copy of the brief. Thus, even if Gonzalez could file an *Anders* brief in this type of case, he did not file the brief in proper form. We review the brief filed as we do those filed in other ordinary appeals; we will treat Gonzalez' "reference to arguable points on appeal" as points of error.

The present case was initiated when the Texas Department of Protective and Regulatory Services filed a petition seeking to terminate the parental rights of Guerra and the unknown father(s) of her two children. The court later severed the case against the father(s) from the one against Guerra. In Guerra's trial, the jury found:

(1) [Guerra] knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; or

(2) [Guerra] has engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child; or

(3) [Guerra] has been adjudicated to be criminally responsible for the death or serious injury of another of her children.

*See* TEX. FAM.CODE ANN. § 161.001(1) (Vernon 1996). The jury also found that termination of the parent-child relationship would be in the best interest of the children. *See id.* at § 161.001(2). Based on this verdict, the court entered a decree on July 13, 1995 terminating Guerra's parent-child relationship with two of her children.

During the process of appealing this case, Guerra timely filed the transcript but not the statement of facts. Accordingly, the statement of facts is not before us. In this connection, the chronology of events is as follows:

1. July 13, 1995 Trial court judgment signed.

2. September 11, 1995 Record due in Court of Appeals. (TEX.R.APP. P. 54(a)).

3. September 11, 1995 Transcript filed.

4. September 12, 1995 Appellant's First Motion for Extension of Time to File Statement of Facts filed.

5. October 4, 1995 Order granting Appellant's First Motion for Extension of Time to File Statement of Facts entered. Court ordered Guerra to file statement of facts by December 20, 1995.

6. January 4, 1996 Motion for extension of time to file statement of facts due. (TEX.R.APP. P. 54(c)).

7. March 28, 1996 This Court issued a show cause order directing Guerra to provide reasons why this appeal should not be dismissed since Guerra failed to file the statement of facts, a brief, or a motion for extension of time. Guerra was ordered to file a response by 4:00 p.m. April 11, 1996.

8. April 11, 1996 Guerra's response to this Court's show cause order was postmarked April 11, 1996. In this response, Guerra's attorney stated that he missed the deadlines due to his not having a permanent secretary at the time and due to a termite problem he was experiencing at home. Guerra's attorney argued that if this Court denied Guerra her right to appeal, it would be denying her due process. He also noted that he did not file a brief in the matter since he did not yet have the statement of facts.

9. May 30, 1996 The Court received a Notice of Completion of Statement of Facts.

10. June 7, 1996 Statement of facts tendered.

11. June 26, 1996 This Court considered Guerra's response to the show cause order as a motion for extension of time to file the statement of facts. The Court denied Appellant's Motion for Extension of Time to File the Statement of Facts. However, this Court expressly permitted this appeal to remain on the docket and ordered Guerra to file her brief on or before July 26, 1996.

12. July 29, 1996 Guerra filed her First Motion for Extension of Time to File

Brief seeking permission to file the brief on July 29, 1996.

13. August 8, 1996 Appellee filed its response to Appellant's First Motion for Extension of Time to File Brief.

14. August 12, 1996 Guerra filed Appellant's Second Motion for Extension of Time to File Brief.

15. August 12, 1996 Guerra tendered Appellant's Brief Referring to Arguable Support for the Appeal.

16. August 26, 1996 Court granted Guerra's First Motion for Extension of Time to File Brief and ordered Guerra to file the brief by July 29, 1996.

17. September 10, 1996 Court granted Appellant's Second Motion for Extension of Time to File Brief. The Court noted that Guerra's brief would be considered filed on August 12, 1996.

18. September 26, 1996 Gonzalez filed Appellant's Counsel's Motion to Withdraw as Guerra's attorney.

19. October 8, 1996 Court denied Appellant's Counsel's Motion to Withdraw.

■ Guerra concedes that she did not timely file the statement of facts or timely file a motion for extension of time to file the statement of facts after the first extension was granted. The failure to file the statement of facts timely results in our ability to use such failure as grounds for dismissing the appeal, affirming the trial court's judgment, disregarding the materials filed, or applying presumptions against the appellant. TEX.R.APP. P. 54(a). In this case, we will disregard the statement of facts that Guerra tendered since she did not file the "materials" pursuant to Rule 54 of the Texas Rules of Appellate Procedure.

Guerra asserts that we are denying her due process and equal protection of the laws by arbitrarily denying her request to submit the statement of facts late. Guerra claims she has a constitutional right to have the merits of her case heard on appeal. We believe that the State has provided her with that right to be heard. *See Krasniqi v. Dallas County Child Protective Servs. Unit of Tex. Dep't of Human Servs.*, 809 S.W.2d 927, 932 (Tex.App.—Dallas 1991, writ de-

nied), *cert. denied*, 503 U.S. 1006, 112 S.Ct. 1763, 118 L.Ed.2d 425 and 504 U.S. 940, 112 S.Ct. 2274, 119 L.Ed.2d 201 (1992). In *Krasniqi*, the appellants filed a motion for new trial and then appealed after their parental rights were terminated. *Id.* at 929. They did not timely file the statement of facts and consequently, the court did not have the statement of facts before it. *Id.* On appeal, the Krasniqis argued that they had a right to be heard and that the court denied them due process by its refusal to consider the statement of facts. *Id.* at 932. The court held that the Krasniqis were provided an opportunity to be heard. *Id.* The court noted:

> [T]he State of Texas afforded the parents 120 days to file their statement of facts plus 15 days beyond that to file a motion for an extension of time to file the statement of facts.... We decline to hold that "inadvertent failure" on the part of litigants to comply with a rule of appellate procedure can result in state denial to an individual of a meaningful opportunity to be heard. It follows that the strict application of the time limits regarding filing of the statement of facts did not deprive the parents of due process of law.

*Id.*

■ Because of the similarity in facts between *Krasniqi* and the instant case, we find *Krasniqi* instructive. Here, the State provided Guerra 60 days to file her statement of facts and then 15 days beyond that to file a motion for extension of time. She filed for an extension of time, which this Court granted. This afforded Guerra an additional 100 days from the original 60 days to file the statement of facts. Nevertheless, Guerra's counsel failed to provide this Court with the appropriate appellate record. As in *Krasniqi*, our application of the time constraints did not deprive Guerra of due process. "It must be recognized that the time limits prescribed by [R]ule 54(c) ... accomplish an important purpose by fixing the date a judgment becomes final.... If a record may be filed at any time after the cost bond is timely filed, a successful litigant will not

know when the judgment becomes final." *Id.* at 933. The point of error is overruled.[1]

▇▇▇▇ We must now consider Guerra's appeal based solely on her brief and the transcript. In Guerra's brief, Guerra's counsel presents only one other point of error. He argues that the trial court erred in severing the cases against Guerra and the unknown father(s) of the two children. However, Guerra waived error on this point since there is no evidence in the transcript that she made a timely request, objection, or motion complaining of the severance. *See* TEX.R.APP. P.52 (a). Even if this point was not waived, we cannot find that the trial court abused its discretion in severing the unknown father(s) from the lawsuit since the termination cause of action against the father(s) alleged different reasons for the termination of his parental rights than the reasons enumerated for Guerra's termination, the cause of action against the father(s) was separate and distinct from that against the mother, the action could be tried separately against the father(s), and the two separate actions did not require proof of the same facts and issues. *See Coalition of Cities for Affordable Util. Rates v. Public Util. Comm'n,* 798 S.W.2d 560, 564 (Tex.1990), *cert. denied,* 499 U.S. 983, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991). We overrule this point of error.

The judgment of the trial court is affirmed.

1. Even if we were to consider the statement of facts and treat Guerra's brief as an *Anders* brief, there was more than enough evidence to support the termination of Guerra's parental rights. Several witnesses testified, and Guerra admitted, to Guerra's burning her son's hand over a stove after a teacher reported he had acted up at school, her hitting him with the heel of a shoe, and her beating him with the "plastic part" of a Christmas tree. Witnesses also testified that Guerra had slapped her son, leaving her handprint on his face. These incidents left visible, dark bruises all over his body. At the trial, a police officer proclaimed that the beatings were so intense that they appeared to have drawn blood. The evidence presented at trial indicated that Guerra had uncontrollable fits of rage. Sufficient evidence was presented to justify the jury's finding that termination under these circumstances was in the best interest of both of Guerra's children.