**Affirmed and Opinion Filed July 31, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00245-CV**

**STEVEN JORDAN, Appellant**
**V.**
**MELANIE AARON, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-03928**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Breedlove
Opinion by Justice Molberg

In this breach of fiduciary duty case involving a disputed real estate transaction, appellant Steven Jordan challenges the trial court's judgment, following a bench trial, in favor of appellee Melanie Aaron, the plaintiff in this action, who sued Jordan on behalf of herself and as the independent executrix of the Estate of Melvin Carl Aaron, deceased.[1]   Among other things, the judgment canceled a deed dated September 6, 2017, from Melvin to Jordan on property located at 3930 Kiest Valley, Dallas, County, Texas, and ordered that Aaron recover from Jordan $18,000

---

[1] For clarity, we refer to appellee as Aaron and to her father, Melvin Carl Aaron, as Melvin.

as attorney's fees through the date of the judgment. The trial court issued findings of fact and conclusions of law that included, in part, findings that Jordan used a power of attorney to transfer ownership of the subject real property from Melvin to himself and that Jordan had a fiduciary duty to Melvin at the time of the transfer. On appeal, Jordan, representing himself without an attorney, argues, in essence, that the trial court erred in concluding a fiduciary relationship existed and in entering judgment in Aaron's favor based on what Jordan describes as insufficient evidence. We affirm the trial court's judgment in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Jordan raises the following four issues in his appellate brief:

1. Did [Jordan] use the Power of Attorney to transfer [Melvin's] house to himself. [Aaron] used a copy of the Power of Attorney as Exhibit A. And used a copy of the Warranty Deed as Exhibit B. These two documents are the only pieces of evidence entered during trial.

2. Did [Jordan] ever have a fiduciary duty or relationship to ever breach.

3. Did the trial court err with the lack of facts and insufficient legal evidence to support the judgment or [Aaron's] claims.

4. Does [Jordan] have a right to the property based on agreement he had with [Melvin] and contract laws.

A party appealing an adverse judgment has the burden to show reversible error. *See* TEX. R. APP. P. 44.1(a). We review the trial court's conclusions of law de novo and its findings of fact for sufficiency of the evidence. *Hegar v. Am. Multi-Cinema, Inc.*, 605 S.W.3d 35, 40 (Tex. 2020). We construe Jordan's first, third, and

fourth issues as challenges to the sufficiency of the evidence and his second issue as a challenge to the trial court's conclusions of law.[2]

Our record on appeal consists of the clerk's record only. Because Jordan failed to request the reporter's record, we ordered the appeal submitted without it, after first giving him notice and a reasonable opportunity to cure. *See* TEX. R. APP. P. 37.3(c)(1). "When confronted with an incomplete record, we presume the omitted portions are relevant to the appeal and the evidence contained within the omitted portions of the record support the trial court's judgment." *Imagine Auto. Grp. v. Boardwalk Motor Cars, Ltd.*, 430 S.W.3d 620, 632 (Tex. App.—Dallas 2014, pet. denied). Without a reporter's record, it is impossible for Jordan to prevail on his sufficiency challenges in his first, third, and fourth issues because we must presume the evidence supports the trial court's judgment. *See id.*; *Davis v. Kaufman Cty.*, 195 S.W.3d 847, 851 (Tex. App.—Dallas 2006, no pet.); *Sam Houston Hotel, L.P. v. Mockingbird Rest., Inc.*, 191 S.W.3d 720, 721 (Tex. App.—Hous. [14th Dist.] 2006, no pet.); *see also Gonzalez v. Wells Fargo Bank, NA*, No. 05-09-01322-CV, 2011 WL 1549558, at *1 (Tex. App.—Dallas Apr. 26, 2011, no pet.) (mem. op.) (stating appellant's "evidentiary complaints without a reporter's record present

---

[2] We construe Jordan's fourth issue as a challenge to the sufficiency of the evidence, and not a mixed question of law and fact, based on Jordan's pleading—which included only a general denial, and thus did not include any affirmative request for an award based on contract—and based on our understanding of Jordan's arguments on appeal. As we understand Jordan's arguments, he challenges the sufficiency of the evidence to support the trial court's finding of fact I.C., in which the trial court found that Jordan "used the [p]ower of [a]ttorney to transfer ownership of the subject real property from [Melvin] to himself."

–3–

nothing for our review"). Absent a reporter's record, our review is limited to complaints concerning errors of law, erroneous pleadings or rulings thereon, an erroneous jury charge, irreconcilable jury findings, summary judgment, and fundamental error. *See Krasniqi v. Dallas Cty. Child Protective Servs.*, 809 S.W.2d 927, 933 (Tex. App.—Dallas 1991, writ denied). Jordan raises no issue concerning such matters, other than his second issue, which is a question of law.[3] We cannot conclude the trial court erred in its legal conclusion that Jordan owed Melvin a fiduciary duty at the time of the property transfer, as Jordan's appellate brief states Melvin signed a general power of attorney to Jordan on September 6, 2017, the same date as the property transfer. *See Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 231 (Tex. 2019) ("An agreement creating a power of attorney creates a fiduciary relationship.").

Based on the record before us, we conclude Jordan has not demonstrated any reversible error in connection with his appeal. We overrule Jordan's four issues and affirm the trial court's judgment.

/Ken Molberg/
KEN MOLBERG
210245f.p05                              JUSTICE

---

[3] *See Nat'l Plan Adm'rs, Inc. v. Nat'l Health Ins. Co.*, 235 S.W.3d 695, 700 (Tex. 2007); *Kiger v. Balestri*, 376 S.W.3d 287, 290 (Tex. App.—Dallas 2012, pet. denied).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEVEN JORDAN, Appellant

No. 05-21-00245-CV    V.

MELANIE AARON, Appellee

On Appeal from the 160th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-18-03928. Opinion delivered by Justice Molberg. Justices Reichek and Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MELANIE AARON recover her costs of this appeal from appellant STEVEN JORDAN.

Judgment entered this 31st day of July, 2023.